UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEVEN LAMONT EDWARDS,         )<br>                                                     )<br>                    Plaintiff,        )<br>        vs.                                      )      No. 1:08-cv-826-DFH-JMS<br>                                                     )<br>CAPTAIN DOUG SCHEFFEL, et al.,  )<br>                                                     )<br>                    Defendants.   ) | |

# E N T R Y

This cause is before the court on the plaintiff's motion to set aside judgment. That motion was filed with the clerk on June 1, 2009, having been signed by the plaintiff on May 16, 2009, and is directed to the final judgment entered on the clerk's docket on December 11, 2008.

The date a post-judgment motion is filed is significant. See *Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). Any substantive post-judgment motion filed more than ten days after the entry of judgment is evaluated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. Easley v. Kirmsee*, 382 F.3d 693, 696 n.2 (7th Cir. 2004); *Britton v. Swift Transp. Co., Inc.,* 127 F.3d 616, 618 (7th Cir. 1997)(citations omitted). The motion to set aside judgment was filed more than ten (10) working days after the entry of final judgment on the clerk's docket. Accordingly, that motion is treated as a motion for relief from judgment pursuant to Rule 60(b). See *Talano v. Nw. Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001).

The complaint in this action was dismissed as legally insufficient pursuant to 28 U.S.C. § 1915A(b). Judgment dismissing the action was entered at the same time. The plaintiff's motion to set aside that Judgment merely recites his view that one of his claims would have survived the § 1915A screening. This is not the case, however, because "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). Accordingly, dismissal of the action was mandatory. *Gladney v. Pendleton Correctional Facility,* 302 F.3d 773, 774 (7th Cir. 2002). In any event, at this point the plaintiff's motion to set aside judgment is not an available means by which to challenge the correctness of the disposition here. The plaintiff's suggestion otherwise is not based on any of the grounds

supporting relief pursuant to Rule 60(b), but on his view that his claims for malicious prosecution was actually viable. Rule 60(b) does not provide an avenue for relief in these circumstances. See *Marques v. FRB*, 286 F.3d 1014, 1018-19 (7th Cir. 2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground."). The appropriate means by which to assert alleged legal errors is by a timely appeal. See *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (Rule 60(b) "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of the law."); see also *McKnight v. United States Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal.").

Based on the foregoing, therefore, the plaintiff's motion to set aside judgment, treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure,* (dkt 12) is **denied.**

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: June 9, 2009

Distribution:

Steven Edwards
DOC 936885
Westville Correctional Center
5501 South 1100 West
P. O. Box 473
Westville, IN 46391-0473